Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

     Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEVIN NESBIT, | Case No.: 3:19-cv-00104-MO |
|      Plaintiff, | FIRST AMENDED COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| KAY ERICKSON, director of the Oregon Employment Department; DOES 1-4, | |
|      Defendants. | |

Plaintiff Kevin Nesbit alleges as follows:

## **THE PARTIES**

1.     Kevin Nesbit is an individual residing in the state of Oregon.

2.     Defendant Kay Erickson is the Director of the Employment Department of the state of Oregon (the "Agency").

3.     Does 1-4 are, or at the relevant time were, employees of the state of Oregon who, upon information and belief, work in the Agency in various capacities, including without limitation conducting investigations into disputed cases before the Agency, presenting evidence in administrative hearings for disputed cases before the Agency, presiding over administrative

Page 1   -    FIRST AMENDED COMPLAINT

hearings for disputed cases before the Agency, evaluating requests that the Agency reconsider its actions, and/or supervising Agency officials.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over violations of the U.S. Constitution pursuant to 28 U.S.C. § 1331.

5.      This Court has personal jurisdiction over Kay Erickson and Does 1-4 because at the relevant time each one resided and worked in Oregon, and upon information and belief continues to do so.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because each defendant resides in this district as provided by 28 U.S.C. § 1391(c)(1).  Venue is also proper under 28 U.S.C. § 1391(b)(2) because the facts alleged herein occurred entirely within this district.

## FACTUAL ALLEGATIONS

7.      These allegations are made upon information and belief unless indicated otherwise.

8.      Kevin Nesbit was incarcerated between April 2, 2012 and January 22, 2016 (the "**Incarceration Period**").

9.      During the Incarceration Period, the Agency received a request for unemployment benefits from someone claiming to be Kevin Nesbit (the "**Unknown Nesbit**") and paid unemployment benefits (the "**Paid Benefits**") to that person for some period of time (the "**Benefits Period**").

10.      After the Benefits Period, the Agency decided that a portion of the Paid Benefits that it had paid to the Unknown Nesbit should not have been paid and attempted to recover a portion of the Paid Benefits (the "**Contested Benefits**") from the real Kevin Nesbit. The Agency obtained a writ of garnishment against Kevin Nesbit for a portion of the Contested Benefits and

garnished Kevin Nesbit's wages in partial satisfaction of his alleged liability for the Contested Benefits.

11.     Kevin Nesbit opposed the Agency's efforts to recover the Paid Benefits and to garnish his wages by requesting an investigation of the Agency's actions regarding the Contested Benefits. In the investigation, Kevin Nesbit provided information that his personal identification was stolen during the Incarceration Period, that he did not apply for unemployment benefits during the Incarceration Period, and that he did not receive any unemployment benefits during the Incarceration Period.

12.     Doe 1, both in an individual capacity and as an employee of the Agency, investigated the Agency's actions regarding the Contested Benefits and the information submitted by Kevin Nesbit (the "**Benefits Investigation**"). Doe 1 and Kevin Nesbit participated in a telephonic hearing before Doe 4, an administrative hearing officer for the Agency, regarding the Paid Benefits (the "**Benefits Hearing**").

13.     During that hearing, Doe 1 represented to Doe 4 that there existed a video of Kevin Nesbit depositing a portion of the Paid Benefits at an ATM during the Incarceration Period. Kevin Nesbit argued that the video could not be accurate because he was incarcerated during the Incarceration Period. Kevin Nesbit requested, but was not permitted, to view the video or to receive a copy of it. During the Benefits Investigation or the Benefits Hearing, Kevin Nesbit informed Doe 1 and/or Doe 4 that the contact information, including the mailing address, for the Unkown Nesbit was not his mailing address and that he had not and could not receive notices or other documents at that address. Nonetheless Doe 1 and/or Doe 4 continued to send case information to that address and did not send the information to Kevin Nesbit.

14.     Doe 4, both in an individual capacity and as an employee of the Agency, determined that Kevin Nesbit had received a portion of the Paid Benefits and that the Agency should recover the Contested Benefits from Kevin Nesbit. Does 1 and 4 failed to serve Kevin

Nesbit with any notice of that determination or any explanation of the reasons for that determination. Kevin Nesbit did not receive any notice of that determination or any explanation of the reasons for that determination. Kevin Nesbit learned of the adverse outcome of the Benefits Hearing when the Agency renewed its efforts to garnish his wages to recover the Contested Benefits.

15.    The Agency continued its efforts to collect the Contested Benefits from Kevin Nesbit, including by obtaining a new writ of garnishment and by garnishing his wages in partial satisfaction of the purported liability for the Contested Benefits. Kevin Nesbit requested that the Agency cease its efforts to collect the Contested Benefits from him and that the Agency provide him documentation explaining why it had determined that he was responsible for the Contested Benefits. Doe 2, both in an individual capacity and as an employee of the Agency, received the request and determined that the Agency should continue its collection efforts ("**Denied Review**").

16.    Doe 3, both in an individual capacity and as an employee of the Agency, having supervisory capacity within the Agency, is familiar with Kevin Nesbit's efforts to clear himself of any allegedly liability for the Contested Benefits, including the Benefits Investigation, the Benefits Hearing, and the Denied Review. Notwithstanding the clear evidence that Kevin Nesbit did not and could not have received the Paid Benefits during the Incarceration Period, Doe 3 has continued to instruct and direct officials of the Agency to continue efforts to recover the Contested Benefits from Kevin Nesbit and to deny Kevin Nesbit's requests for evidence or reasoning to support the Agency's determinations regarding the Contested Benefits.

17.    Kay Erickson, both in her individual capacity and as Director of the of the Agency, has failed to instruct or supervise adequately officials of the Agency, resulting in the Agency's failure to provide due process of law in administrative hearings, including but not limited to the failures of Does 1, 2, 3, and 4 to provide Kevin Nesbit with any evidence

supporting a determination that he should be liable for the Contested Benefits, to provide Kevin Nesbit an opportunity to respond to that evidence before an fair and impartial adjudicator, to provide Kevin Nesbit with notice of the Agency's decision following the Benefits Hearing or the outcome of the Benefits Investigation, and the failure of Does 1-4 to acknowledge or consider the information submitted by Kevin Nesbit that his personal identification was stolen during the Incarceration Period, that he did not apply for unemployment benefits during the Incarceration Period, and that he did not receive any unemployment benefits during the Incarceration Period.

### CLAIM FOR RELIEF

### (Violation of Federal Due Process – 42 U.S.C. § 1983)

18.    Based on the allegations above, Does 1-4 and Kay Erickson each acted under color of state law and thereby deprived Kevin Nesbit of property without due process of law, in violation of the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983 *et seq*.

19.    Doe 1 caused the deprivation by his acts and/or omissions, including but not limited to by failing to send notices and other information relating to the Benefits Investigation to Kevin Nesbit, when Doe 1 knew or should have known that the address on file for the Unknown Nesbit was not the correct address for Kevin Nesbit. Doe 1's acts and/or omissions further included failing to serve Kevin Nesbit with any notice of the outcome of the Benefits Investigation or the Benefits Hearing or any explanation of the reasons for those outcomes.

20.    Doe 4 caused the deprivation by his acts and/or omissions, including but not limited to by failing to send notices and other information relating to the Benefits Hearing to Kevin Nesbit, when Doe 4 knew or should have known that the address on file for the Unknown Nesbit was not the correct address for Kevin Nesbit. Doe 4's acts and/or omissions further included relying on evidence in making an adverse determination against Kevin Nesbit without giving Kevin Nesbit an opportunity to see the evidence or respond to it; by failing to issue a written determination regarding Kevin's Nesbit's alleged liability for the Contested Benefits; and

by failing to provide Kevin Nesbit with a copy of a written determination so that the determination could be reviewed through administrative or judicial appeals.

21.     Doe 2 caused the deprivation by his acts and/or omissions, including but not limited to by ratifying the acts of Does 1 and 4 and by failing to advise the Agency that its efforts to recover the Contested Benefits were violating the constitutional rights of Kevin Nesbit including without limitation by depriving Kevin Nesbit of property without due process of law. Doe 2 also showed a reckless or callous indifference to the acts of Does 1 and 4 that deprived Kevin Nesbit of his rights under the U.S. Constitution, including by taking his property without due process of law.

22.     Doe 3 caused the deprivation by his acts and/or omissions, including but not limited to by knowingly refusing to terminate a series of acts by his/her subordinates at the Agency that he/she knew were depriving Kevin Nesbit of his rights under the U.S. Constitution, including by taking his property without due process of law. Doe 3 also failed to act to prevent his/her subordinates from engaging in conduct, for instance the Benefits Investigation, the Benefits Hearing, and the Denied Review, that deprived Kevin Nesbit of his rights under the U.S. Constitution, including by taking his property without due process of law. Doe 3 also showed a reckless or callous indifference to the acts of Does 1, 2, and 4 that deprived Kevin Nesbit of his rights under the U.S. Constitution, including by taking his property without due process of law.

23.     Kay Erickson caused the deprivation by her acts and/or omissions, including but not limited to by failing to provide adequate training or supervision to employees at the Agency to prevent employees from causing deprivations of rights under the U.S. Constitution, including the deprivation of rights suffered by Kevin Nesbit, including by taking his property without due process of law. Kay Erickson caused the deprivation by recklessly disregarding and failing to mitigate known errors in the Agency's systems—both technological and human—for tracking

and investigating when unemployment benefits should be paid, recovered, or reviewed, causing deprivations of rights under the U.S. Constitution, including the deprivation of rights suffered by Kevin Nesbit.  Kay Erickson caused the deprivation by her acts and/or omissions, including but not limited to failure to instruct and supervise Agency employees in basic requirements of due process, including sending notices, written determinations, and other case information to the person whose interests are being investigated or determined, including Kevin Nesbit with respect to the Benefits Hearing and the Benefits Investigation.

## **PRAYER FOR RELIEF**

Wherefore Kevin Nesbit requests the following relief,

1.    A declaration that Defendants have taken Kevin Nesbit's property without due process of law, in violation of the Fourteenth Amendment of U.S. Constitution;

2.    A declaration that Kevin Nesbit is not liable for the Contested Benefits;

3.    Preliminary and permanent injunctive relief against Kay Erickson, director of the Oregon Employment Department, enjoining further efforts to collect the Contested Benefits from Kevin Nesbit;

4.    Restitution of the amount of Contested Benefits previously garnished from Kevin Nesbit;

5.    An award of punitive damages against Kay Erickson and Does 1-4;

6.    An award of attorneys' fees to Kevin Nesbit;

7.    Any further relief that the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 7    -    FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury for all issues so triable.

DATED:  May 31, 2019.

STOEL RIVES LLP


*/s/ Elliott J. Williams*
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
Telephone:  503.294.9571

Attorneys for Plaintiff