ELLEN F. ROSENBLUM
Attorney General
DREW K. BAUMCHEN  #045032
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Drew.Baumchen@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEVIN NESBIT,<br><br>        Plaintiff,<br><br>    v.<br><br>KAY ERICKSON, DIRECTOR OF THE OREGON EMPLOYMENT DEPARTMENT; DOES 1-4,<br><br>        Defendants. | Case No.  3:19-CV-00104-MO<br><br>DEFENDANT ERICKSON'S MOTION TO DISMISS |

**CONFERRAL**

Defendant Kay Erickson moves to dismiss Plaintiff's Second Amended Complaint pursuant to the applicable statute of limitations.  Counsel for Defendant certifies pursuant to Local Rule 7-1 that the parties have conferred telephonically and made a good faith effort to resolve each claim, issue, and defense raised in this motion and were unable to resolve the disputes discussed herein.

**MOTION**

Plaintiff's operative pleading in this case, his Second Amended Complaint, alleges tortious conduct in the context of a 2009-2010 administrative investigation process and hearing. As those allegations indicate that Plaintiff's claims accrued at that time, Plaintiff's claims are

Page 1 -    DEFENDANT ERICKSON'S MOTION TO DISMISS
        DB7/lnt/9765641-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

barred by the applicable two-year statute of limitations. Accordingly, Defendant Erickson moves to dismiss.

## LEGAL STANDARD

In considering a motion to dismiss, a trial court accepts all well-pleaded allegations of the complaint as true and gives the plaintiff the benefit of all favorable inferences that may be drawn from the facts alleged.

Defendant may not accept the truth of any of these allegations, but does not contest their accuracy for the purposes of this motion.  The Court's review is limited to the face of the complaint, documents referenced by the complaint and matters of which the court may take judicial notice.  *Levine v. Diamamthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 n.4 (9th Cir. 1996)*; MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986)*.*

## DISCUSSION

### I. Facts Alleged in Plaintiff's Second Amended Complaint

Plaintiff's Second Amended Complaint describes an administrative investigation and hearing process through the Oregon Employment Department in 2009-2010, resulting in an adverse finding that Plaintiff had been overpaid unemployment benefits.  Pl.'s Second Am. Compl., ¶¶ 13-17 (July 29, 2019).  According to Plaintiff's allegations, he appeared in that hearing process and materially participated.  *Id.*  Plaintiff's allegations describe his providing information to officers of the Oregon Employment Department, discussion of Plaintiff's allegations that his identity was stolen in an administrative hearing before the department, Plaintiff's objections to evidence in that administrative hearing, and the issuance of an adverse determination by the administrative law judge presiding over that hearing.  *Id.*

Plaintiff further alleges violations of his due process rights pursuant to the Oregon Employment Department's efforts to recover the unemployment benefits that it had previously determined Plaintiff had been overpaid.  *Id.* at ¶ 12.  Plaintiff alleges that these collection efforts,

Page 2 -   DEFENDANT ERICKSON'S MOTION TO DISMISS
DB7/lnt/9765641-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

including offsetting other unemployment benefits due to him, obtaining writs of garnishment to recover the overpaid benefits, and garnishment of his wages continued through 2019. *Id.*

## II.     Argument

Plaintiff's claims as alleged in his Second Amended Complaint accrued in 2010 at the conclusion of the administrative law process described in the pleadings.  As Plaintiff's claims allege a constitutional violation under 42 U.S.C. § 1983, a two-year statute of limitations applies to those claims.  Because § 1983 has no independent statute of limitations, the limitations period must be borrowed from state law.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Pursuant to ORS 12.110, Oregon's general tort statute, the statute of limitations for § 1983 claims in Oregon is two years.  *Sain v. City of Bend*, 309 F.3d 1134 (9th Cir. 2002).

Although Oregon's two-year statute of limitations applies in this case, the determination of when Plaintiff's §1983 claim accrued is a matter of federal law.  *TwoRivers v. Lewis,* 174 F.3d 987, 991-92 (9th Cir. 1999).  Under federal law, a § 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis for the action."  *Id.*  Applying this standard, Plaintiff's claims accrued in 2010 when he knew: (1) that an administrative investigation and ultimate hearing had taken place; (2) that—as alleged—his due process rights had been violated in the course of that investigation and hearing; and, (3) that the Employment Department had ruled against him by determining that he had been overpaid benefits.

Plaintiff has tried to avoid this limitations defense by alleging the Employment Department's offsets of other benefits and garnishments continued through 2019.  See *Pl.'s Second Am. Compl.,* ¶ 12.  However, these allegations should not help Plaintiff avoid this limitations challenge.  The gravamen of Plaintiff's claims relates to the administrative hearing investigation and process culminating in 2010, and that is when his claims accrued.

The Ninth Circuit applied the accrual rule from *TwoRivers, supra,* in *Morales v. City of Los Angeles,* wherein the court ruled that the two plaintiffs' § 1983 claims accrued upon the entry of an adverse judgment when the judgment itself was alleged to be based on the

Page 3 -    DEFENDANT ERICKSON'S MOTION TO DISMISS
         DB7/lnt/9765641-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

misconduct at issue in that case. 214 F.3d 1151, 1154 (9th Cir. 2000). The *Morales* decision cited to an earlier U.S. Supreme Court precedent, which held that a limitation period for a Title VII discrimination claim accrued when the plaintiff first became aware of the effect of the discrimination and not its ultimate result. *Id.*, citing *Delaware State College v. Ricks,* 449 U.S. 250, 258 (1980).

Applying this analysis to the case at bar, Plaintiff's claims accrued in 2010 when the alleged denial of his due process rights took place in the course of the administrative investigation and hearing. The Employment Department's later efforts to enforce its rights based on the determination that Plaintiff had been overpaid unemployment benefits were merely the ultimate result of that determination. Plaintiff can hardly complain that he first became aware that his due process rights had been violated as the Employment Department continued its garnishment efforts within the two years preceding the filing of his initial complaint with this Court.

Review of the applicable Oregon statutes relating to recovery of overpaid unemployment benefits, including offsets of other benefits due and garnishment, supports the conclusion that Plaintiff's claims—if any—accrued at the conclusion of the administrative investigation and hearing process in 2010. See ORS 657.310 (2017) (recovery due to misrepresentation), ORS 657.396 (2017) (remedies for collection); ORS 18.854-55 (2017) (garnishment). Merely seeking to recover the benefits the Employment Department determined in 2010 that Plaintiff had been overpaid is not itself actionable. Accordingly, Plaintiff's claims should have been brought within two years of the administrative investigation and hearing process described in his Second Amended Complaint.

### III. Conclusion

The fact that Plaintiff has alleged ongoing violations of his due process rights through 2019 by virtue of the Employment Department's ongoing efforts to collect the unemployment benefits that Plaintiff was overpaid illustrates his awareness that his claims are, in fact, quite

Page 4 -    DEFENDANT ERICKSON'S MOTION TO DISMISS
DB7/lnt/9765641-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

untimely.  This Court should not be lured by this obvious red herring; rather, Plaintiff's claims accrued in 2010 and this suit should have been instituted within two years.  As Plaintiff's claims accrued in 2010 but this suit was not filed until 2019, it should be dismissed.

DATED August __12__, 2019.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General

        ___*s/ Drew K. Baumchen*_____
        DREW K. BAUMCHEN #045032
        Assistant Attorney General
        Trial Attorney
        Tel (503) 947-4700
        Fax (503) 947-4791
        Drew.Baumchen@doj.state.or.us
        Of Attorneys for Defendant

Page 5 -    DEFENDANT ERICKSON'S MOTION TO DISMISS
      DB7/lnt/9765641-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791